Jasen, J. (dissenting).
The court is unanimous in its agreement with the statement of the general principles of law articulated in the majority opinion. However, the application of these principles to the undisputed facts of this case does not warrant reversal.
There can be little doubt, as the majority concedes, that a Family Court Judge has considerable discretion, especially during a dispositional hearing, to exclude a juvenile from the courtroom for limited periods of time. This is especially true when the nature of the testimony to be presented, as it was in this case, involved a recital of no fewer than 23 rejections of placement by private agencies made on her behalf. It should be perfectly obvious how emotionally devastating such rejection testimony would have been upon this young 13-year-old girl. Unlike a fact-finding hearing where a determination must be made whether or not a juvenile is in need of supervision, the dispositional hearing is held, after an inquiry similar to a probation investigation in criminal proceedings, for the purpose of determining whether the juvenile should be placed under supervision or treatment. Certainly, Cecilia’s presence during this part of the dispositional hearing would not assist the court in its determination whether to impose supervision or treatment. Had Cecilia been present at the time the testimony of the long list of rejections was offered, there can be no doubt that the Judge not only could have, but should have, excluded her from the courtroom. In any event, Cecilia’s law guardian was present throughout the dispositional hearing and was aware of his client’s absence from the courtroom, without any objection.
I would also note that there is absolutely no indication in the record that there existed any basis for refuting any of the testimony offered during the dispositional hearing, or that Cecelia would have had anything to say that she did not say to the court when she returned immediately following the testimony of the social worker. In ordering a new dispositional *324 hearing in this case, the court is engaging in an exercise of utter futility as it is not seriously suggested by anyone that the ultimate disposition will be any different.
I would affirm the order of the Appellate Division.
Judges Gabrielli, Jones and Wachtler concur with Judge Fuchsberg; Judge Jasen dissents and votes to affirm in a separate opinion in which Chief Judge Breitel and Judge Cooke concur.
Order reversed, without costs, and matter remitted to Family Court, Kings County, for further proceedings in accordance with the opinion herein.